130 T.C. No. 14


UNITED STATES TAX COURT


JUDITH A. BARNES, f.k.a. JUDITH GENRICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15716-07.                    Filed June 11, 2008.


On Nov. 24, 2000, P filed a request for equitable relief from joint and several liability with respect to her and her ex-spouse's 1997 tax underpayment. On Sept. 13, 2001, R issued a final notice of determination, denying the requested relief. On Mar. 7, 2007, P filed a second request for equitable relief with respect to the same underpayment, providing more detailed factual allegations and alleging that in 2002 her ex-husband and his business associate had been convicted of criminal securities fraud. By letter dated May 1, 2007, R declined to reconsider his original denial of relief. On July 22, 2007, P filed her petition in this Court. R filed a motion to dismiss for lack of jurisdiction. Subsequently, P filed motions to enjoin collection, on the ground that R had improperly levied upon her property during the pendency of this proceeding. <u>Held</u>, P's second claim for relief was essentially duplicative of her first claim for relief and was not a qualifying request for relief pursuant to sec. 1.6015-1(h)(5), Income Tax

Regs.  Held, further, the Court lacks jurisdiction under I.R.C. sec. 6015(e)(1)(A) because P failed to petition the Court within 90 days of the Sept. 13, 2001, final notice of determination.  Held, further, this Court lacks jurisdiction under I.R.C. sec. 6015(e)(1)(B)(ii) to enjoin R's collection action.

Paul S. Boone, for petitioner.

Francis C. Mucciolo and Miriam D. Dillard, for respondent.

OPINION

THORNTON, Judge:  This case arises from a request for relief from joint and several liability under section 6015(f) with respect to petitioner's unpaid taxes for 1997.[1]  This case is before us on respondent's motion to dismiss for lack of jurisdiction and petitioner's motions to enjoin collection.  For the reasons discussed below, we shall grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motions to enjoin collection.

Background

On their joint 1997 Federal income tax return petitioner and her then spouse, Nathan Genrich (Mr. Genrich), reported but did not fully pay their tax liability arising from the sale of real property owned by petitioner.  Petitioner and Mr. Genrich divorced in 1998.  Subsequently, petitioner filed with respondent Form 8857, Request for Innocent Spouse Relief (And Separation of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

Liability and Equitable Relief), dated November 24, 2000, seeking equitable relief from joint and several liability with respect to the 1997 underpayment.  An attachment to her Form 8857 stated:

> The following statement is provided as an explanation pursuant to Code Section 66(c)(3) regarding application of innocent spouse rule:
>
> 1.   Taxpayer's lack of knowledge
>      The taxpayer was unaware of any of the details of the 1997 joint tax return since she had not seen the return prior to the return being filed.  Her signature was forged on the return.
>
>      Although the taxpayer was aware of the sale of her property, she was told that the taxes would be paid from funds in husband's possession.
>
> 2.   The facts and circumstances
>      The taxpayer received a portion of the sale price at closing.  She was told that her former husband had sufficient funds to pay the related tax liability. In fact, the taxpayer learned that these funds as well as additional amounts were given by her former husband to Terry Cattell (Great Western) who is presently being sought by the FBI for securities fraud.

In Letter 3279, dated September 13, 2001, and sent by certified mail to petitioner's last known address, respondent determined that petitioner was not entitled to equitable relief pursuant to section 6015(f).  The letter stated:  "This letter is your FINAL NOTICE of our determination".  An attachment to the letter provided a detailed explanation of respondent's reasons

for denying the requested relief.[2]  The letter further stated: "You can contest our determination by filing a petition with the United States Tax Court.  You have 90 days from the date of this letter to file your petition.  The court cannot consider your case if the petition is filed late."  Petitioner did not petition this Court within the 90-day period.

About 5½ years later, petitioner filed with respondent a second Form 8857, dated March 2, 2007, seeking equitable relief under section 6015(f) with respect to the 1997 underpayment. This second request for relief included a more detailed statement of factual allegations than was included with her first request for relief and contained the new allegation that in 2002 Mr. Genrich and his business associate, Terry Cattell, had been convicted of criminal securities fraud.

On May 1, 2007, respondent sent petitioner Letter 3657C, stating:

> We received Form 8857, Request for Innocent Spouse
> Relief (And Separation of Liability and Equitable
> Relief).  You do not meet the basic eligibility
> requirements because:
>
> Our records show you previously filed Form 8857 on
> December 01, 2000 for tax year 1997 and your claim was

---

[2] The attachment to Letter 3279, dated Sept. 13, 2001, indicated that petitioner's request for relief was denied because:  (1) Petitioner had not established that she had no knowledge or reason to know that the tax would not be paid; (2) petitioner had not established that she would suffer economic hardship if relief were not granted; and (3) the tax underpayment was allocable to petitioner because it arose from the sale of real estate owned solely by petitioner.

consider [sic] and denied.  Since the facts have not changed, no further action can be taken on your request for relief.

On July 11, 2007, while residing in Florida, petitioner filed her petition "for redetermination of the decision set forth by the Commissioner of Internal Revenue in the Final Notice of Determination, dated September 13, 2001, and as amended by its Letter 3657C dated May 1, 2007."  On September 5, 2007, respondent filed his motion to dismiss for lack of jurisdiction, on the ground that the petition was not filed in response to a notice that would confer jurisdiction on this Court.

On December 19, 2007, petitioner filed a motion to enjoin collection with respect to a levy that petitioner alleged respondent had improperly issued after petitioner filed her petition.  On January 7, 2008, the Court held a hearing on both motions and ordered briefs.  On May 27, 2008, petitioner filed an "emergency" motion to restrain collection alleging that respondent had issued a notice of public auction sale of the levied-upon property for June 17, 2008.

## Discussion

### Respondent's Motion To Dismiss for Lack of Jurisdiction

In general, spouses who file a joint Federal income tax return are jointly and severally liable for the full amount of the tax liability shown or required to be shown on the return. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282

(2000).  If certain requirements are met, however, an individual may seek relief from joint and several liability under section 6015.

Petitioner seeks equitable relief under section 6015(f).[3] Section 6015(e)(1)(A) provides that in the case of an individual who requests equitable relief under section 6015(f), this Court has jurisdiction to determine the appropriate relief if the petition is filed:

> (i)  at any time after the earlier of--
>
> (I) the date the Secretary mails * * * notice of the Secretary's final determination of relief available to the individual, or
>
> (II) the date which is 6 months after the date such * * * request is made with the Secretary, and
>
> (ii) not later than the close of the 90th day after the date described in clause (i)(I).

There is no dispute that the petition was not filed within 90 days of respondent's mailing of the notice of final determination on September 13, 2001.  Petitioner contends, however, that her petition is timely because it was filed within 90 days of respondent's Letter 3657C, dated May 1, 2007, which petitioner characterizes variously as an "amendment" to the 2001 notice and as "in effect" respondent's final determination. Alternatively, petitioner contends, if respondent's May 1, 2007,

---

[3] Because petitioner seeks relief from underpayments of tax rather than understatements of tax, relief is not available to her under sec. 6015(b) or (c).

letter does not constitute a "determination" within the meaning of section 6015(e)(1)(A)(i)(I), then the petition is timely pursuant to section 6015(e)(1)(A)(i)(II), because more than 6 months have elapsed since March 2, 2007, when she made her most recent request for relief.  For the reasons discussed below, we disagree with petitioner's contentions.

Section 6015(h) provides:  "The Secretary shall prescribe such regulations as are necessary to carry out the provisions of this section".  The regulations under section 6015 provide that a qualifying request for equitable relief under section 6015(f) is "the first timely claim for relief from joint and several liability for the tax year for which relief is sought."  Sec. 1.6015-1(h)(5), Income Tax Regs.  As an exception to this general rule, the regulations permit a second election in an instance where an individual seeks relief under section 6015(c) (which provides for allocation of a deficiency for individuals who are no longer married, are legally separated, or are not members of the same household), and a change in the individual's marital status, etc., as of the time of the second election opens the door to relief for which the individual was previously ineligible.  Id.; see Vetrano v. Commissioner, 116 T.C. 272, 283 (2001) ("if Mrs. Vetrano became eligible to elect relief under section 6015(c) after the date of the first election, then she

could make a second election under section 6015(c)").  The regulations further provide:

> A requesting spouse is entitled to only one final administrative determination of relief under § 1.6015-1 [which encompasses requests for equitable relief from joint and several liability on a joint return] for a given assessment, unless the requesting spouse properly submits a second request for relief that is described in § 1.6015-1(h)(5).  [Sec. 1.6015-5(c)(1), Income Tax Regs.]

Petitioner does not dispute the validity of these regulations nor otherwise express disagreement with respondent's position that these regulations rationally promote the Government's legitimate interest in finality with respect to administrative claims for relief under section 6015.  There is also no dispute that petitioner does not come within the exception described in section 1.6015-1(h)(5), Income Tax Regs., permitting second elections in certain situations pursuant to section 6015(c).

Respondent contends, and petitioner does not dispute, that in both her initial Form 8857, dated November 24, 2000, and her second Form 8857, dated March 2, 2007, petitioner sought an administrative determination of equitable relief under section 6015(f) with respect to her 1997 tax underpayment.[4]  Petitioner

_____

[4] Petitioner does not dispute that her Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), dated Mar. 2, 2007, was her second request for equitable relief pursuant to sec. 6015(f), notwithstanding that the attachment to her earlier Form 8857, dated Nov. 24, 2000, stated that this initial request for equitable relief was

(continued...)

contends that in filing the second Form 8857, she was trying to bring to respondent's attention facts "which were neither in existence at the time her claim was initially decided nor during the time available to petition" this Court.  The only such new fact that petitioner specifically relies upon in this proceeding, however, is the 2002 conviction of Mr. Genrich and his business associate for criminal securities fraud.[5]  Although petitioner's second request for relief contained more detailed factual allegations than were presented in her first request for relief, the discussion in respondent's Letter 3279, dated September 13, 2001, shows that most of these allegations had been raised and considered during administrative review of her first request for relief.  On the basis of our careful review of the record, we conclude that petitioner's second request for relief presented essentially the same factual basis and ground for relief as the

---

[4](...continued)
pursuant to sec. 66(c).  To the contrary, in her petition petitioner avers that her Form 8857 dated Nov. 24, 2000, sought "equitable relief pursuant to Internal Revenue Code § 6015(f)." We deem petitioner to have waived any argument that her Form 8857 dated Mar. 2, 2007, represented her first request for equitable relief pursuant to sec. 6015(f).

[5] On brief petitioner contends that the 2002 criminal conviction of her ex-spouse and his business associate is "material to her claim for relief" but does not otherwise explain what relevance, if any, this allegation has with respect to two of the three grounds on which respondent originally denied relief; namely that petitioner had not established that she would suffer economic hardship if relief were not granted and that the tax underpayment was allocable to petitioner because it arose from the sale of real estate that she owned.

first claim for relief and is best characterized as seeking reconsideration of her first request for relief, with reiterations of those claims. Cf. IRS v. Pransky, 318 F.3d 536 (3d Cir. 2003) (holding that the submission of a duplicative second administrative claim for refund under section 6532 did not start the 2-year limitations period anew). Although the statute does not expressly address whether an individual may invoke this Court's jurisdiction by resubmitting a previously denied request, we do not believe the 90-day limitations period of section 6015(e)(1)(A) should be defeated or protracted by the simple expedient of filing a succession of duplicative claims.[6] Cf. Yuen v. Commissioner, 112 T.C. 123, 129 (1999) (resubmission of an interest abatement claim did not vest this Court with jurisdiction under section 6404(g)).

Petitioner contends that respondent's Letter 3657C dated May 1, 2007, was "in effect" respondent's final determination or an amendment to the 2001 final determination. We disagree.

Neither the statute nor the regulations prescribe the exact form or content of a notice of final determination of relief

---

[6] Particularly in the light of the fact that petitioner has not challenged the validity of the subject regulations, we need not and do not decide whether a second request for relief that is based on grounds or facts sufficiently dissimilar from those underlying the first request for relief might revive the right to petition for review by this Court.

under section 6015.[7]  In analogous situations, in analyzing whether the Commissioner's letter to a taxpayer constituted a statutory notice of deficiency, this Court has looked to whether the letter purported to be a deficiency notice and whether the Commissioner intended it as such.  See Kellogg v. Commissioner, 88 T.C. 167, 176-177 (1987); Abrams v. Commissioner, 84 T.C. 1308 (1985), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. Benzvi v. Commissioner, 787 F.2d 1541 (11th Cir. 1986), affd. sub nom. Spector v. Commissioner, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. Donley v. Commissioner, 791 F.2d 383 (5th Cir. 1986), affd. without published opinion sub nom. Becker v. Commissioner, 799 F.2d 753 (7th Cir. 1986), affd. sub nom. Alford v. Commissioner, 800 F.2d 987 (10th Cir. 1986), affd. sub nom. Gaska v. Commissioner, 800 F.2d 633 (6th Cir. 1986), affd. 814 F.2d 1356 (9th Cir. 1987).  On the basis of our careful review of the Letter 3657C that respondent sent to petitioner on May 1, 2007, we conclude that it does not purport to be a final notice of

---

[7] The statute requires the individual requesting relief to petition the Tax Court no later than 90 days after the Secretary mails the notice of final determination by certified or registered mail to the taxpayer's last known address.  Sec. 6015(e)(1)(A)(i)(I), (ii).  Respondent suggests on brief that because the Letter 3657C was not mailed in this manner, it cannot be considered "in effect" a final notice of determination.  The record does not clearly establish how the Letter 3657C was mailed, but we are not prepared to say that improper mailing of an otherwise valid final notice of determination would deprive this Court of jurisdiction.

determination under section 6015, or an amendment to the original notice of final determination, and was not intended as such.

The Letter 3657C sent to petitioner does not state that it represents a final determination of relief available under section 6015, or an amendment to the prior notice of final determination, and does not contain instructions on how to petition the Tax Court.  By contrast, the Letter 3279 sent to petitioner on September 13, 2001, states that it is the "FINAL NOTICE" of respondent's determination, provides instructions on how, and when to petition the Tax Court and includes a detailed explanation of respondent's reasons for denying the request for relief.

Pursuant to the Internal Revenue Manual (IRM), Letter 3657C is the form to be used to explain that a section 6015 claim for relief has been previously disallowed.[8]  6 Administration, IRM (CCH), pt. 25.15.7.5.2.2, at 52,549 (Sept. 1, 2006).  The character of the Letter 3657C sent to petitioner is consistent with this provision.  After noting that petitioner's previous request for section 6015 relief had been considered and denied, the Letter 3657C states:  "Since the facts have not changed, no further action can be taken on your request for relief."

---

[8] Although, as discussed infra, the Internal Revenue Manual (IRM) does not have the force of law, we look to these provisions as indications of respondent's intent with respect to the issuance to petitioner of Letter 3657C.

On brief petitioner contends:  "The obvious inference is that if facts had changed or additional information was found which had not been considered previously, Petitioner would have met the basic eligibility requirements and the claim would have moved forward to an evaluation of the facts and a ruling on same."  Petitioner cites provisions of the IRM which indicate that in some instances the Commissioner might reconsider a notice of final determination on the basis of newly submitted or newly addressed information.[9]  It is well settled, however, that the IRM does not have the force of law, is not binding on the Commissioner, and does not confer any rights on the taxpayer. See, e.g., Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006), affg. T.C. Memo. 2004-13; Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997); Tavano v. Commissioner, 986 F.2d 1389, 1390 (11th Cir. 1993), affg. T.C. Memo. 1991-237; Matthews v. Commissioner, T.C. Memo. 2008-126.  In any event, we are not

---

[9] Petitioner cites IRM pt. 25.15.17.1 (Mar. 21, 2008), which states:

> A Final Determination or a claim previously closed as nonqualified will be reconsidered anytime a requesting spouse (RS) submits additional information (or when the IRS has failed to address the information previously sent) not previously considered as long as the Collection Statute Expiration Date (CSED) or Refund Statute Expiration Date (RSED) is still open. * * *

As respondent notes in his response to petitioner's "emergency" motion to restrain collection, IRM pt. 25.15.17.1 was first issued on Mar. 21, 2008, approximately 10 months after respondent issued the Letter 3657C.

persuaded that the Letter 3657C materially erred in characterizing the facts as unchanged.

In sum, pursuant to the regulations, petitioner's second Form 8857 was not a qualifying request for relief, and petitioner was not entitled to a second final administrative determination of relief with respect thereto. See secs. 1.6015-1(h)(5), 1.6015-5(c), Income Tax Regs. Moreover, the Letter 3657C which she received in response to her second Form 8857 did not constitute a notice of final determination within the meaning of section 6015(e)(1)(A)(i)(I). Consequently, because petitioner failed to timely petition this Court within 90 days of the notice of final determination issued September 13, 2001, this Court lacks jurisdiction.

For similar reasons we reject petitioner's alternative argument that the Commissioner's failure to issue a notice of final determination within 6 months of petitioner's filing her second Form 8857 provides this Court jurisdiction under section 6015(e)(1)(A)(i)(II). Because the second Form 8857 was not a qualifying request for relief and did not entitle petitioner to a second determination, respondent's failure to issue a second determination does not provide a basis for invoking this Court's jurisdiction pursuant to section 6015(e)(1)(A).

Petitioner's Motions To Enjoin Collection

Section 6015(e)(1)(B)(i) provides that "no levy or proceeding in court shall be made, begun, or prosecuted against the individual * * * requesting equitable relief under subsection (f) * * * if a petition has been filed with the Tax Court under subparagraph (A), until the decision of the Tax Court has become final."  Section 7421(a) broadly prohibits suits to restrain assessment or collection, except as provided in certain enumerated sections, including section 6015(e).  Section 6015(e)(1)(B)(ii) provides in relevant part:

> (ii) Authority to enjoin collection actions.-- Notwithstanding the provisions of section 7421(a), the beginning of such levy or proceeding during the time the prohibition under clause (i) is in force may be enjoined by a proceeding in the proper court, including the Tax Court.  <u>The Tax Court shall have no jurisdiction under this subparagraph to enjoin any action or proceeding unless a timely petition has been filed under subparagraph (A)</u> * * *.  [Emphasis added.]

Because, as just discussed, petitioner failed to file a timely petition pursuant to section 6015(e)(1)(A), this Court has no jurisdiction to enjoin respondent's collection action.

Accordingly,

<u>An order and order of dismissal for lack of jurisdiction will be entered</u>.