143 T. C. No. 15

UNITED STATES TAX COURT

MICA RINGO, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 29562-12W.                    Filed October 6, 2014.

P filed with R's Whistleblower Office (W) an application for a
whistleblower award under I.R.C. sec. 7623.  On Nov. 7, 2012, W
mailed to P a letter stating that P was ineligible for such an award
because P did not provide R with information that resulted in the
collection of any tax from the target.  P timely filed a petition with
this Court.

I.R.C. sec. 7623(b)(4) provides that "[a]ny determination
regarding an award under paragraph (1), (2), or (3) [of I.R.C. sec.
7623(b)] may, within 30 days of such determination, be appealed to
the Tax Court (and the Tax Court shall have jurisdiction with respect
to such matter)."

On June 11, 2013, W notified P that W was still considering
P's application and that W had mailed the Nov. 7, 2012, letter to P in
error.  R then moved to dismiss this case for lack of jurisdiction.

Held:  The Nov. 7, 2012, letter was a determination and this Court has jurisdiction with respect to the matter.

Held, further, the fact that R continued to consider P's application after sending the Nov. 7, 2012, letter does not terminate this Court's jurisdiction.

Thomas C. Pliske and Shine Lin, for petitioner.

Jonathan D. Tepper, for respondent.

OPINION

COLVIN, Judge:  The Internal Revenue Service (IRS) Whistleblower Office mailed to petitioner a letter on November 7, 2012, stating that he was ineligible for a whistleblower award under section 7623.  Petitioner commenced this whistleblower proceeding by timely filing a petition pursuant to section 7623(b)(4).[1]  Respondent moves to dismiss the case for lack of jurisdiction.  As discussed below, we will deny respondent's motion.

---

[1]Section references are to the Internal Revenue Code in effect at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.

Neither party requested a hearing, and we conclude that none is necessary to decide respondent's motion to dismiss. The following undisputed information appears in the pleadings or respondent's motion to dismiss.

Petitioner resided in Texas when the petition was filed.

Background

On February 17, 2011, petitioner filed with the Whistleblower Office a Form 211, Application for Award for Original Information. Petitioner filed an amended Form 211 with that office on October 6, 2011.

On November 7, 2012, the Whistleblower Office mailed to petitioner a letter (November 7, 2012, letter) stating that he was ineligible for a whistleblower award under section 7623 because he had not provided the IRS with information that resulted in the collection of any proceeds. That letter stated:

Dear Mica Ringo:

We have considered your application for an award dated February 11, 2011. Under Internal Revenue Code Section 7623, an award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions in regards to this letter, please feel free to contact the Informant Claims Examination Team at * * *.

Sincerely,

/s

Cindy Wilde
Supervisor--Whistleblower Office, Ogden

Petitioner petitioned the Court on December 7, 2012, to invoke our jurisdiction under section 7623(b)(4). On June 11, 2013, the Whistleblower Office sent a letter (June 11, 2013, letter) to petitioner stating that the November 7, 2012, letter had been sent in error and that the Whistleblower Office was still considering his application for an award. That letter said:

Dear Mr Ringo:

The L-1010 letter dated November 7 2012 [i.e., the November 7, 2012, letter] was sent to you in error. We are still considering your application for award F-211. We are sorry for this inconvenience.

Sincerely,

/s

Cindy Wilde
Supervisor--Whistleblower Office, Ogden

Discussion

The Tax Court may exercise jurisdiction only to the extent expressly provided by Congress. See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also Rule 13. Respondent contends that the Court lacks jurisdiction in this case, and petitioner does not object to respondent's assertion. However, our jurisdiction is not expanded or contracted by the positions of the parties. Thus, it is not dispositive that both parties claim that we lack jurisdiction. SECC Corp. v. Commissioner, 142 T.C. ___, ___ (slip op. at 8) (Apr. 3, 2014); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003), aff'd, 425 F.3d 1203 (9th Cir. 2005). We will independently decide whether we have jurisdiction.

In the June 11, 2013, letter, the Whistleblower Office said it was still considering information petitioner had provided. Thus, respondent contends that the November 7, 2012, letter was not a "definitive determination" as to petitioner's application and that we lack jurisdiction in this case.

We disagree. Whether the Court has jurisdiction in a case depends on facts as of the time that our jurisdiction is invoked. See Charlotte's Office Boutique, Inc. v. Commissioner, 425 F.3d at 1208; NT, Inc. v. Commissioner, 126 T.C. 191, 194 n.2 (2006); see also Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957) ("'It is quite clear that the jurisdiction of the Court depends upon the state of things at the time

of the action brought, and that after vesting, it cannot be ousted by subsequent events.'" (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824) (Marshall, C.J.))). Once the Court acquires jurisdiction over a matter, our jurisdiction generally continues unimpaired until we enter our decision or our jurisdiction is otherwise terminated by the Court. See NT, Inc. v. Commissioner, 126 T.C. at 194 n.2; Wagner v. Commissioner, 118 T.C. 330 (2002); Naftel v. Commissioner, 85 T.C. 527, 529-530 (1985); see also Grupo Dataflux v. Atlas Global Grp. L.P., 541 U.S. 567 (2004); Smith, 354 U.S. at 93 n.1.

Section 7623(b)(4) provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."[2] Thus, a whistleblower proceeding is commenced under section 7623(b)(4) when (1) the IRS makes a determination regarding an award under section 7623(b)(1), (2), or (3); and (2) a petition is timely filed as to that determination. See Whistleblower 14106-10W v. Commissioner, 137 T.C. 183,

---

[2]Para. (1) of sec. 7623(b) generally requires that the IRS pay an individual 15% to 30% of the collected proceeds where the IRS proceeds with any administrative or judicial action based on certain information furnished by the individual. Para. (2) generally lets the IRS pay an individual up to 10% of the collected proceeds in certain other cases. Para. (3) sets forth rules under which the IRS may reduce an award otherwise payable under para. (1) or (2).

186-187 (2011); Kasper v. Commissioner, 137 T.C. 37, 41 (2011); Cooper v. Commissioner, 135 T.C. 70, 73-74 (2010).

The November 7, 2012, letter contains a determination for purposes of section 7623(b)(4). See Cooper v. Commissioner, 135 T.C. at 75-76 (stating that this Court has jurisdiction under section 7623 with regard to a letter not labeled a determination where, as here, the letter stated that the applicant was not entitled to an award and provided an explanation for that conclusion); see also Kasper v. Commissioner, 137 T.C. at 41. The fact that the Whistleblower Office said in a letter dated June 11, 2013, that the determination was not definitive does not terminate this Court's jurisdiction. The November 7, 2012, letter contains a determination, and petitioner filed a timely petition invoking our jurisdiction under section 7623(b)(4) with respect to that matter. Our jurisdiction is unaffected by the fact that the Whistleblower Office later told petitioner it was still considering information he provided.

Our conclusion is supported by consideration of rules relating to notices of deficiency. The Court acquires jurisdiction in a deficiency case when the IRS has determined a deficiency and the taxpayer timely files a petition. See secs. 6212(a), 6213(a). It is the determination of a deficiency, rather than the existence of a deficiency, that provides the basis for the Court's jurisdiction. See, e.g., Hannan

v. Commissioner, 52 T.C. 787, 791 (1969). Thus, even if a determination in a notice of deficiency is erroneous or the Commissioner concedes the determination in full, the notice is generally not rendered void but continues to provide a basis for our jurisdiction. See, e.g., Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. at 103 (stating that the Commissioner's concession of employment tax issue during a proceeding in this Court did not deprive the Court of jurisdiction over the subject matter underlying that issue); LTV Corp. v. Commissioner, 64 T.C. 589 (1975) (stating that the Commissioner's concession of no deficiency for a year did not deprive the Court of jurisdiction over the subject matter of that year); Cawal v. Commissioner, T.C. Memo. 1992-444. Similarly, the Court does not lose jurisdiction when the Commissioner wishes to revoke or issues in error a notice of determination in a collection case. Kim v. Commissioner, T.C. Memo. 2005-96.[3]

---

[3]In Whistleblower 22231-12W v. Commissioner, T.C. Memo. 2014-157, at *12-*13, we said that "[s]ince the [Whistleblower] Office was still investigating * * * [an issue raised in a Whistleblower's claim], it had not yet made 'a final administrative decision regarding petitioner's whistleblower claim in accordance with the established procedures.'" Our holding in Whistleblower 22231-12W is consistent with our holding herein because in Whistleblower 22231-12W there had not been a determination at the time the petition was filed.

On the basis of the foregoing, we hold that we have jurisdiction, and we will deny respondent's motion to dismiss for lack of jurisdiction.

<u>An appropriate order will be issued</u>.