T.C. Summary Opinion 2016-75

UNITED STATES TAX COURT

AMANDA N. VU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21661-14S.                    Filed November 8, 2016.

Amanda N. Vu, pro se.

<u>Miles B. Fuller</u> and <u>Stephen I. Josephy</u>, for respondent.

SUMMARY OPINION

ASHFORD, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was not timely filed within the periods prescribed by section 6015(e)(1)(A). As explained below, we will grant respondent's motion to dismiss.

## Background

The petition underlying this proceeding was filed on September 12, 2014, with the envelope in which the petition was mailed bearing a U.S. Postal Service postmark of September 8, 2014. Petitioner signed and dated the petition September 2, 2014. Petitioner resided in New Mexico at the time the petition was filed with the Court.

In her petition, petitioner alleged disagreement with a notice of determination that she claimed was issued by respondent's office in Albuquerque, New Mexico, on June 12, 2014. Attached to the petition was respondent's "Innocent Spouse Relief Lead Sheet" dated June 4, 2014, with respect to the 2011 joint Federal income tax return (joint return) for petitioner and her then husband,

Vincent T. Nguyen (Mr. Nguyen),[2] and designated "Workpaper #615". The document reads in part:

> **Conclusion:** *(Reflects the final determination on the issue.)*
>
> **Conclusion for 6015(b):**
> Note: A summary of your conclusion should go here. Ensure that reference is made as to what factors are met if allowing or granting partial relief, and what factors are not met
>
> > *It was concluded that the Taxpayer does not meet innocent spouse relief under IRC 6015(b).*
>
> \*       \*       \*       \*       \*       \*       \*
>
> **Conclusion for 6015(c):**
> Note: A summary of your conclusion should go here. Ensure that reference is made as to what factors are met if allowing or denying partial relief, and what factors are not met if disallowing or granting partial relief.
>
> > *It was concluded that the Taxpayer does not meet innocent spouse relief under IRC 6015(c).*
>
> \*       \*       \*       \*       \*       \*       \*
>
> **Conclusion for 6015(f):**
> Note: A summary of your conclusion should go here.
>
> > *It was concluded that the Taxpayer does not meet innocent spouse relief under IRC 6015(f).*
>
> \*       \*       \*       \*       \*       \*       \*

---

[2]According to the document, petitioner and Mr. Nguyen married in 1992 and divorced in 2012.

***Conclusion for 66(c):***

***It was concluded that the Taxpayer does not meet innocent spouse relief under IRC 66(c).***

In her petition, petitioner stated that she disagreed with respondent's determination to deny her "relief from joint and several liability on a joint return" and requested that the Court grant her relief under section 6015(b), (c), or (f) because (1) she had no knowledge of the 2011 understatement of tax on the date the joint return was filed, (2) Mr. Nguyen handled all business and household finances and did not want her involved, (3) it would be inequitable to hold her liable for the 2011 deficiency, and (4) she would suffer economic hardship if equitable relief is not granted.[3]

Thereafter, on January 27, 2015, respondent filed a motion to dismiss for lack of jurisdiction on the ground that as of the date the petition herein was filed no notice of determination, notice of deficiency, or any other document required to form the basis for a petition in this Court had been sent to petitioner with respect to the taxable year shown in the petition. In support of his motion respondent attached a copy of his certified mailing list, i.e., the substitute U.S. Postal Service Form 3877, reflecting that on October 9, 2014, he mailed to petitioner at an

---

[3]Mr. Nguyen did not intervene pursuant to sec. 6015(e)(4) and Rule 325 despite being given notice of the filing of the petition.

address in Albuquerque, New Mexico, Letter 3279, designated "FINAL DETERMINATION", which denied her relief from joint and several liability under section 6015(b), (c), and (f) for the 2011 taxable year.[4] The certified mailing list also reflects that on the same day, a joint notice of deficiency was mailed to petitioner and Mr. Nguyen for the 2011 taxable year to the same Albuquerque, New Mexico address, and to an address in Rio Rancho, New Mexico.[5]

Petitioner did not respond to respondent's motion to dismiss despite an order of this Court directing her to do so. Pursuant to notice, this matter was called for hearing when the case was called from the calendar for the trial session

---

[4]In his answer, filed November 3, 2014, respondent denied that a notice of determination was issued by his Albuquerque, New Mexico, office on June 12, 2014, and alleged that a notice of determination, i.e., the above-referenced Letter 3279, was issued by his Phoenix, Arizona, office on October 9, 2014, attaching a copy of this document to his answer. At the hearing on respondent's motion petitioner admitted having received Letter 3279 and having filed nothing further with the Court in response to this letter.

[5]On December 16, 2014, in response to the joint notice of deficiency, only Mr. Nguyen filed a petition with this Court disputing respondent's determination for the 2011 taxable year of a deficiency in petitioner and Mr. Nguyen's Federal income tax of $18,672 and an accuracy-related penalty pursuant to sec. 6662(a) of $3,734.40. On August 8, 2016, the Court entered a stipulated decision ordering that, pursuant to the agreement of the parties, there is a deficiency in income tax due from Mr. Nguyen of $18,672 and an accuracy-related penalty under sec. 6662(a) of $1,867.20 for the 2011 taxable year.

of the Court at Albuquerque, New Mexico, on June 1, 2015. Petitioner and counsel for respondent appeared and were heard with regard to respondent's motion to dismiss.

Admitted into evidence at the hearing was a copy of petitioner's Form 8857, Request for Innocent Spouse Relief, signed and dated by petitioner February 28, 2014, and stamped received by respondent on March 24, 2014. Petitioner testified that a friend had assisted her with completing the form and that, to her knowledge, the friend (who did not testify at the hearing) "mailed [it] out within like a week or so". Petitioner acknowledged that she should have mailed the form herself to have a record of when it was actually mailed, but she did not do so.

Regarding the "Innocent Spouse Relief Lead Sheet" dated June 4, 2014, the evidentiary record is silent as to this document, except that respondent's counsel at the hearing referred to it as "the examiner's report" with respect to the issue of petitioner's entitlement to relief from joint and several liability. Neither petitioner nor respondent addressed how or when this document was provided to petitioner and when she actually received it. Petitioner also made no mention of the June 12, 2014, notice of determination she claimed to be disputing. Instead, she testified that she filed her petition with the Court after having waited six months from the

date she signed her request for relief, February 28, 2014, and not "see[ing] any mail from the IRS about their determination".

Discussion

This Court is a court of limited jurisdiction. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We may exercise our jurisdiction only to the extent expressly provided by statute. Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981); Breman v. Commissioner, 66 T.C. 61, 66 (1976). Nevertheless we have jurisdiction to determine in any case whether we have jurisdiction over that case. Kluger v. Commissioner, 83 T.C. 309, 314 (1984); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1001-1002 (1978). Jurisdiction must be shown affirmatively, and petitioner, as the party invoking our jurisdiction, has the burden of proving that we have jurisdiction over her case. See, e.g., John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210, 212 (2013) (holding that jurisdiction is determined at the time a petition is filed); Wise Guy Holdings, LLC v. Commissioner, 140 T.C. 193, 198-199 (2013); David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); La. Naval Stores, Inc. v. Commissioner, 18 B.T.A. 533, 536 (1929); Consol. Cos., Inc. v. Commissioner, 15 B.T.A. 645, 651 (1929).

Section 6015(e) vests the Court with jurisdiction to review actions for determination of relief from joint and several liability under section 6015. See Rule 320(b). As with our jurisdiction over deficiency actions, see sec. 6213(a), Congress has set specific time limits within which petitions for such review must be filed for this Court to exercise jurisdiction over them, sec. 6015(e)(1)(A); Pollock v. Commissioner, 132 T.C. 21, 30-32 (2009). Specifically, section 6015(e)(1) provides as follows:

> (1) In general.--In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply, or in the case of an individual who requests equitable relief under subsection (f)--
>
>> (A) In general.--In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed--
>>
>>> (i) at any time after the earlier of--
>>>
>>>> (I) the date the Secretary mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual, or
>>>>
>>>> (II) the date which is 6 months after the date such election is filed or request is made with the Secretary, and
>>>
>>> (ii) not later than the close of the 90th day after the date described in clause (i)(I).

In other words, there are two possible times within which a taxpayer can petition the Tax Court (and consequently the Tax Court shall have jurisdiction) to determine what section 6015 relief, if any, is available to the taxpayer: (1) within 90 days of the Commissioner's mailing of a notice of his final determination of relief to the taxpayer, or (2) if the Commissioner has not yet mailed such a notice, at any point after six months has transpired since the taxpayer's request for relief was "filed" or "made" with the Commissioner. Assessing whether petitioner has met the requirements of section 6015(e)(1)(A) thus requires us to determine two dates: (1) the date on which respondent mailed the notice of his final determination to petitioner, and (2) the date on which petitioner's request for relief from joint and several liability on the Form 8857 was "filed" or "made" with respondent.

(1)    Mailing Date of Respondent's Notice of Final Determination

Respondent presents clear evidence regarding the first date, providing a copy of his certified mailing list showing that on October 9, 2014, respondent mailed a final determination letter to petitioner. In her petition, however, petitioner alludes to two other possible dates, stating therein that she disagrees with a notice of determination she claims that respondent issued on June 12, 2014,

and attaching to her petition respondent's "Innocent Spouse Relief Lead Sheet" dated June 4, 2014, for her and Mr. Nguyen's 2011 taxable year.

Of these dates, only a conclusion that June 12, 2014, is the correct date could potentially confer jurisdiction on this Court over the petition herein. That is because although the petition was filed on September 12, 2014, it bore a U.S. Postal Service postmark mailing date of September 8, 2014, and under Rule 22 and section 7502(a)(1) it would have been treated as timely filed on its mailing date, September 8, 2014, the 88th day after June 12, 2014. For the June 4, 2014, date to be the correct date, this would have required the petition to be filed or deemed filed on or before September 2, 2014, and the October 9, 2014, date makes the petition nearly a month premature. As for the June 12, 2014, date, petitioner however did not present any evidence whatsoever showing that any relevant action occurred on June 12, 2014, and has specifically failed to establish that respondent provided her the requisite final determination notice on that date.[6]

---

[6]In particular, petitioner failed to establish that respondent mailed, "by certified or registered mail to [her] last known address", such a notice as is required by sec. 6015(e)(1), but we have stopped short of saying that improper mailing alone would invalidate an otherwise proper valid notice of determination and thus deprive this Court of jurisdiction. Barnes v. Commissioner, 130 T.C. 248, 254 n.7 (2008).

Because petitioner has not established that respondent mailed her any document on June 12, 2014, that could feasibly constitute the requisite final determination notice, we need not address whether respondent's "Innocent Spouse Relief Lead Sheet" constitutes notice of respondent's "final determination of relief" under Barnes v. Commissioner, 130 T.C. 248, 254-255 (2008) ("Neither the statute nor the regulations prescribe the exact form or content of a notice of final determination of relief under section 6015"; however, a key factor is whether a claimed notice "purport[s] to be a final notice of determination under section 6015".).[7] Consequently, we hold that respondent's final determination letter dated October 9, 2014, is the only such notice established in the record, and the relevant date for purposes of section 6015(e)(1)(A)(i)(I) is October 9, 2014.

(2)    "Filing" or "Making" Date of Petitioner's Section 6015 Request

Petitioner asserts that the second date should be February 28, 2014 (or some date shortly thereafter), reflecting the date as of which she signed her section 6015 request (i.e., the Form 8857) and her belief that the request was mailed not long after she signed it.  Respondent on the other hand argues that by the terms of

---

[7]If we were to consider whether this document constitutes such notice, though, we would consider potentially persuasive that the document states that it "[r]eflects the final determination on the issue" (emphasis added) and is written in the past tense, implying that respondent's consideration of petitioner's Form 8857 had been completed at that time.

section 6015(e)(1)(A)(i)(II) and in the absence of other evidence, March 24, 2014, the date on which respondent received petitioner's request, is the operative second date. The determination of which date controls here requires interpreting the use in section 6015(e)(1)(A)(i)(II) of the words "filed" and "made".

In general, a document is "filed" when "it is delivered to the proper official and by him received and filed." United States v. Lombardo, 241 U.S. 73, 76 (1916); see Gray v. Commissioner, 16 T.C. 262, 266 (1951). Section 7502, enacted in 1954, provides an exception to that general rule for documents subject to a filing period or deadline that are mailed to the Commissioner. Under section 7502(a)(1), such documents will be deemed filed on the postmark date. See Hotel Equities Corp. v. Commissioner, 65 T.C. 528, 531 (1975), aff'd, 546 F.2d 725 (7th Cir. 1976); see also Sorrentino v. IRS, 383 F.3d 1187, 1193-1194 (10th Cir. 2004) (discussing evidence necessary to invoke section 7502). However, this exception applies only to documents subject to a filing period that the Commissioner receives after the expiration of the filing period, not documents that the Commissioner otherwise receives on time. Pace Oil Co. v. Commissioner, 73 T.C. 249, 254-255 (1979); see also First Charter Fin. Corp. v. United States, 669 F.2d 1342, 1346 (9th Cir. 1982).

A taxpayer's section 6015 request is subject to a particular filing period based on the type of relief sought--full or partial relief under subsection (b), proportionate relief under subsection (c), or equitable relief under subsection (f) (if relief is not available under subsection (b) or (c)). A taxpayer seeking full or partial relief under subsection (b) must do so "not later than the date which is 2 years after the date the Secretary has begun collection activities" against the taxpayer with respect to the joint liability. Sec. 6015(b)(1)(E). A taxpayer seeking proportionate relief under subsection (c) may do so "at any time after a deficiency for such year is asserted but not later than 2 years after the date on which the Secretary has begun collection activities" with respect to the taxpayer. Sec. 6015(c)(3)(B).[8] A taxpayer seeking equitable relief under subsection (f) must do so before the expiration of the applicable period of limitations, either on collection if he or she is claiming relief from a liability (generally 10 years, sec. 6502), or on a refund claim (generally 3 years after he or she has filed the

---

[8]The Internal Revenue Service has defined "collection activities" as the issuance of "a section 6330 notice; an offset of an overpayment of the requesting spouse against a liability under section 6402; the filing of a suit by the United States against the requesting spouse for the collection of the joint tax liability; or the filing of a claim by the United States in a court proceeding in which the requesting spouse is a party or which involves property of the requesting spouse." See sec. 1.6015-5(b)(2)(i), Income Tax Regs.

applicable return or 2 years after he or she has paid the applicable tax, sec. 6511).
Rev. Proc. 2013-34, sec. 4.01(3), 2013-43 I.R.B. 397, 399.

And against this backdrop, together with the prescribed manner for
requesting section 6015 relief, it is apparent that the words "filed" and "made" in
section 6015(e)(1)(A)(i)(II) are used interchangeably. See sec. 1.6015-5(a),
Income Tax Regs.[9] We thus consider these words to have equivalent effect and
hold that section 7502 applies to the word "made" in section 6015(e)(1)(A)(i)(II)
in the same way as it applies to the word "filed".

Because petitioner's Form 8857 relates to her 2011 taxable year and was
filed before respondent initiated any collection action with respect to that year
(indeed, before respondent even issued the joint notice of deficiency to petitioner
and Mr. Nguyen with respect to that year), we find that respondent timely received
the form on March 24, 2014; section 7502 therefore does not apply, and the
relevant date for section 6015(e)(1)(A)(i)(II) is not six months after the alleged

_____

[9]Sec. 1.6015-5(a), Income Tax Regs., sets forth the manner for requesting
relief, providing that "a requesting spouse must file Form 8857, 'Request for
Innocent Spouse Relief' (or other specified form); submit a written statement
containing the same information required on Form 8857, which is signed under
penalties of perjury; or submit information in the manner prescribed by the
Treasury and IRS in forms, relevant revenue rulings, revenue procedures, or other
published guidance". (Emphasis added.)

mailing date of the form but six months after the date of receipt of the form, or September 25, 2014.

Consequently, we can exercise jurisdiction over the petition herein only if it was filed "at any time after the earlier of" October 9, 2014, or September 25, 2014, see sec. 6015(e)(1)(A)(i), and "not later than" January 7, 2015, see sec. 6015(e)(1)(A)(ii).  Because the petition was filed with the Court on September 12, 2014, it does not meet this requirement and we thus lack jurisdiction over it.  While we acknowledge that this is an inequitable result, as petitioner filed her petition believing in good faith that it was timely and her opportunity to file another petition has now expired, we are unfortunately constrained by the statute, and our role is to apply the tax laws as written.  See Eanes v. Commissioner, 85 T.C. 168, 171 (1985).[10]

---

[10]Upon the Court's questioning at the hearing, respondent's counsel noted the existence of the doctrine of "substantial compliance".  See Samueli v. Commissioner, 132 T.C. 336, 345 (2009) ("The substantial compliance doctrine is a narrow equitable doctrine that courts may apply to avoid hardship where a party establishes that the party intended to comply with a provision, did everything reasonably possible to comply with the provision, but did not comply with the provision because of a failure to meet the provision's specific requirements."); see also Bedrosian v. Commissioner, 143 T.C. 83, 101 (2014) (premising application of doctrine on intent to comply with applicable provision).  However, we have applied this doctrine almost exclusively in cases where taxpayers intended to make an election in accordance with applicable procedural regulatory requirements but failed to comply precisely with those requirements, see Estate of Chamberlain v.

(continued...)

Accordingly, we will dismiss this case for lack of jurisdiction.  To reflect
the foregoing,

<u>An order will be entered granting</u>

<u>respondent's motion to dismiss for lack</u>

<u>of jurisdiction</u>.

---

[10](...continued)
<u>Commissioner</u>, T.C. Memo. 1999-181 (and cases cited therein), <u>aff'd</u>, 9 F. App'x
713 (9th Cir. 2001), and have held that the doctrine does not apply where "a
requirement * * * goes to the essence of a statute * * * and must be met", <u>Penn-
Dixie Steel Corp. v. Commissioner</u>, 69 T.C. 837, 846 (1978).  Because the timing
requirements of sec. 6015(e)(1)(A) are jurisdictional, <u>Pollock v. Commissioner</u>,
132 T.C. 21, 30-32 (2009), they are unequivocally essential to the statute and we
cannot set them aside out of equity.