T.C. Memo. 2017-128

UNITED STATES TAX COURT

KENNETH WILLIAM KASPER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6748-13W.                    Filed June 29, 2017.

Kenneth William Kasper, pro se.

Rachel G. Borden and Patricia P. Davis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  Petitioner commenced this whistleblower proceeding

pursuant to section 7623(b)(4).[1]  The issue for decision is whether petitioner

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

**[*2]** satisfies the threshold requirements for a whistleblower award under section 7623(b), thereby being entitled to relief.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Arizona when the petition was filed.

On December 6, 2012, petitioner filed with the Internal Revenue Service Whistleblower Office (Whistleblower Office) a Form 211, Application for Award for Original Information (whistleblower claim), and a Form 13909, Tax-Exempt Organization Complaint (Referral).[2] On March 6, 2013, the Whistleblower Office sent petitioner a letter (2013 letter) denying his whistleblower claim and stating in pertinent part that "[w]e have considered your application for an award", "the information you provided did not result in the collection of any proceeds", and "you are not eligible for an award". On March 25, 2013, petitioner timely filed a petition in this Court under section 7623(b)(4) with regard to the determination set forth in the 2013 letter. Petitioner requests that the Whistleblower Office's determination regarding his whistleblower claim be held in abeyance until the

---

[2]We omit the substance of petitioner's whistleblower claim because it is not necessary to our decision herein.

**[*3]** Whistleblower Office considers the information submitted on both Form 211 and Form 13909.

On June 11, 2013, the Whistleblower Office sent petitioner a letter notifying him that the 2013 letter had been sent in error and that the Whistleblower Office was still considering his whistleblower claim. On March 2, 2015, the Whistleblower Office sent petitioner another letter denying his whistleblower claim and stating in pertinent part that "[w]e have now completed our consideration of your application for an award", "the information you provided did not result in the collection of any proceeds", and "you are not eligible for an award". At no time did the Whistleblower Office initiate an administrative or judicial action using the information in petitioner's whistleblower claim or collect any tax proceeds from the target taxpayer.

## OPINION

The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent authorized by Congress. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Section 7623(b)(4) provides us with jurisdiction in a whistleblower action with respect to "[a]ny determination regarding an award under paragraph (1), (2), or (3)" (including a determination to deny an award) if a petition invoking our jurisdiction over that matter is timely

**[\*4]** filed. See Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 186-187 (2011); Kasper v. Commissioner, 137 T.C. 37, 41 (2011). The 2013 letter contains a determination for purposes of section 7623(b)(4), and petitioner timely filed his petition. See Cooper v. Commissioner, 135 T.C. 70, 75-76 (2010) (stating that this Court has jurisdiction under section 7623 with regard to a letter where, as here, the letter was a final administrative decision because it stated that the applicant was not entitled to an award and provided an explanation for that conclusion); see also Ringo v. Commissioner, 143 T.C. 297, 300 (2014); Kasper v. Commissioner, 137 T.C. at 41.

Generally, an individual who provides information that leads the Commissioner to proceed with an administrative or judicial action and that results in the collection of proceeds shall receive an award equal to a percentage of the collected proceeds. See sec. 7623(b)(1). A whistleblower award depends upon both initiation of an administrative or judicial action and collection of tax proceeds. Cooper v. Commissioner, 136 T.C. 597, 600 (2011). Section 7623(b)(4), which provides our jurisdiction, does not contemplate that we review the Commissioner's determination of the alleged tax liability to which the claim pertains, nor does section 7623 confer authority to direct the Commissioner to

**[*5]** commence an administrative or judicial action.  Cooper v. Commissioner, 136 T.C. at 600.

The Whistleblower Office completed its consideration of petitioner's whistleblower claim, and at no time did it initiate an administrative or judicial action or collect any tax proceeds from the target taxpayer.  Accordingly, the section 7623(b) threshold requirements have not been met, and petitioner is not entitled to relief regarding the determination set forth in the 2013 letter.

To reflect the foregoing,

Decision will be entered

for respondent.