157 T.C. No. 6

UNITED STATES TAX COURT

NILDA E. VERA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9921-19.                    Filed August 23, 2021.


P submitted a request for innocent spouse relief for 2013 that R denied in a final determination. P filed an untimely petition from that determination, which we dismissed for lack of jurisdiction. Later, P submitted a request for innocent spouse relief as to both 2010 and 2013. The Commissioner issued a final determination unambiguously denying relief as to both years on the merits.

Held: When R issues a final determination denying innocent spouse relief on the merits, we have jurisdiction to determine the appropriate relief available, even if R previously denied relief.

Held, further, because the final determination unambiguously denied innocent spouse relief to P on the merits as to both 2010 and 2013, we have jurisdiction over both years.

Nilda E. Vera, pro se.

Miriam C. Dillard and A. Gary Begun, for respondent.

OPINION

BUCH, Judge:  Nilda Vera requested innocent spouse relief for 2013, and the Commissioner issued a final determination denying her claim.  Several months later, Ms. Vera submitted a request for relief for 2010, but in that request, she also re-raised her 2013 liability.  The Commissioner issued a final determination denying relief for both years on the merits.  Ms. Vera filed a timely petition disputing this determination.  The Commissioner filed a motion to dismiss for lack of jurisdiction as to 2013.

We have jurisdiction to review the Commissioner's final determination regarding innocent spouse relief.  A document that purports to be a final determination on the merits of a request for innocent spouse relief constitutes a final determination.  The Commissioner's second determination regarding 2013 purports to be a determination on the merits, and Ms. Vera filed a timely petition from that determination.  Accordingly, we will deny the Commissioner's motion to dismiss.

## Background

For 2010 and 2013, the years at issue, Nilda Vera filed joint returns with her (then) spouse. For 2010, the Commissioner determined a deficiency that was assessed as a joint liability. For 2013, the tax shown on the return was not paid in full, resulting in an underpayment of tax. The Commissioner assessed the tax liability and associated penalties.

In early 2015, Ms. Vera filed a request for innocent spouse relief relating solely to the 2013 underpayment. She submitted Form 8857, Request for Innocent Spouse Relief, setting forth her grounds for relief. In March 2016, the Commissioner issued a final determination denying relief to Ms. Vera, writing: "The information we have available does not show you meet the requirements for relief." The Commissioner's determination included instructions for challenging that determination in this Court, including an explanation of the 90-day deadline for filing a petition.

Ninety-one days from the date of the Commissioner's determination, Ms. Vera mailed a petition to the Court challenging the denial of innocent spouse relief. That petition was filed at docket No. 14550-16. The Commissioner filed a motion to dismiss for lack of jurisdiction, which we granted.

In November 2016, Ms. Vera filed another request for innocent spouse relief, again submitting Form 8857. On her new Form 8857, she listed only 2010 as the year for which she was seeking relief. However, she included with that form a variety of documents, including a letter to the Internal Revenue Service and a copy of her Form 8857 for 2013.

In a determination dated March 14, 2019, the Commissioner denied the request for relief that Ms. Vera had filed in November 2016. That denial was styled as a Letter 3288, Final Appeals Determination. The header of that letter specified only 2010 as the tax year. In contrast, the substance of the determination addressed both 2010 and 2013. It read:

> For tax year 2010, the information we have shows that you didn't meet the requirements for relief.
>
> For tax year 2010, you didn't have a reasonable expectation that the person you filed the joint return with would or could pay the tax.
>
> For tax year 2013, you didn't comply with all income tax laws for the tax years that followed the years that are the subject of your claim.

While residing in Puerto Rico, Ms. Vera filed a timely petition challenging the Commissioner's determination. She used the Tax Court's petition form (T.C. Form 2 as revised in November 2018). Line 3 of the form requests: "Provide the year(s) or period(s) for which the NOTICE(S) was/were issued." Ms. Vera wrote "Tax Year 2010, Tax Year 2013." In addition to including a copy of the

Commissioner's notice, Ms. Vera included with her petition a six-page statement of facts that also mentioned both 2010 and 2013.

The Commissioner filed a motion to dismiss for lack of jurisdiction as to 2013. He contends that the March 14, 2019, determination is not a second determination for 2013. He further contends that a second request for innocent spouse relief is available only when seeking to allocate a deficiency. Because the 2013 liability is an underpayment, the Commissioner contends that it cannot be subject to a second election for relief.

Discussion

Pursuant to section 6015(e),[1] taxpayers may petition this Court to review the Commissioner's final determination on innocent spouse relief, and we have jurisdiction to determine the appropriate relief. As we previously stated in Barnes v. Commissioner, 130 T.C. 248, 254 (2008): "Neither the statute nor the regulations prescribe the exact form or content of a notice of final determination of relief under section 6015."

Final determinations in innocent spouse cases are typically singular, conclusive decisions. We previously made this observation in dicta in Comparini v. Commissioner, 143 T.C. 274 (2014). Our Opinion in Comparini, a case

_____

[1] All section references are to the Internal Revenue Code as in effect at all relevant times.

involving our whistleblower jurisdiction, noted a distinction between the provisions that give us jurisdiction in whistleblower cases and those that pertain to innocent spouse cases. Id. at 281. We observed that the whistleblower provision gives us jurisdiction over any determination, whereas a predicate to our innocent spouse jurisdiction under section 6015(e) is the mailing of a final determination. Id.

Although section 6015(e)(1)(A)(i)(I) refers to a final determination, nothing in that provision prohibits the Commissioner from issuing more than one final determination as to a given tax year. To the extent this provision might be interpreted as allowing for only one final determination, it does not specify whether it is one final determination per request for innocent spouse relief or one final determination per tax year.

If we look to the applicable regulations to clear up this ambiguity, it is clear that the Commissioner believes that more than one final determination can be issued with respect to a single tax year. As a general matter, the regulations under section 6015 limit claimants to a single qualified request for a given year. Sec. 1.6015-1(a)(2), (h)(5), Income Tax Regs. A qualified request is defined as the "first timely claim for relief." Id. para. (h)(5). And the "requesting spouse is entitled to only one final administrative determination of relief." Sec. 1.6015-

5(c)(1), Income Tax Regs. But these regulations leave open the possibility for the Commissioner to issue a second final determination. For instance, if a requesting spouse changes marital status, the regulations permit a second claim, resulting in a second final determination. Secs. 1.6015-1(h)(5), 1.6015-5(c)(1), 1.6015-3, Income Tax Regs. A similar situation arises when a "delay or error" imposes an "unfair burden" on the requesting spouse and the Commissioner exercises his discretion to issue a second final determination. Internal Revenue Manual (IRM) pt. 25.15.17.7(1) (Mar. 5, 2019). The IRM specifically cautions that a second determination issued under these limited circumstances grants the requesting spouse the right to petition the Tax Court. Id. pt. 25.15.17.7.

Upon request, the Commissioner also may reconsider previous requests. Id. pt. 25.15.17.5(1). If he determines relief is appropriate, the Commissioner may change his final determination. Id. pt. 25.15.17.5(3). In such situations, IRM pt. 25.15.17.5 specifically cautions agents that reconsideration decisions should not be issued through final determination letters. While the IRM does not carry the force of law, see Vallone v. Commissioner, 88 T.C. 794, 807-808 (1987), it can be instructive in understanding the procedures the Commissioner expects his employees to follow, see Wadleigh v. Commissioner, 134 T.C. 280, 294 n.13 (2010).

The notice at issue in Barnes v. Commissioner, 130 T.C. 248, is an example of the Commissioner's denying reconsideration without issuing a second final determination. In Barnes, the taxpayer submitted a request for innocent spouse relief, which the Commissioner denied in a final determination. Id. at 249-250. Several years later, Ms. Barnes submitted a second request for relief concerning the same year. Id. at 250. The Commissioner denied her request using Letter 3657C, No Consideration Innocent Spouse. Id.; IRM pt. 25.15.17.4(4) (Mar. 5, 2019). That letter stated that Ms. Barnes did not meet the basic eligibility requirements for relief because her claim had been previously considered and denied. Barnes v. Commissioner, 130 T.C. at 250. It further explained that no action could be taken on her request for relief because the facts of her case had not changed. Id. We specifically concluded that the letter sent to Ms. Barnes was not a final determination. Id. at 254.

In deciding whether the letter in Barnes was a final determination, we looked to our deficiency caselaw. Citing a string of authorities, we observed the common theme that "this Court has looked to whether the letter purported to be a deficiency notice and whether the Commissioner intended it as such." Id. We reviewed the letter and concluded that it did "not purport to be a final notice of determination

under section 6015, or an amendment to the original notice of final determination, and was not intended as such." Id.

In holding that the letter issued to Ms. Barnes was not a final determination, we commented that "we do not believe the 90-day limitations period of section 6015(e)(1)(A) should be defeated or protracted by the simple expedient of filing a succession of duplicative claims." Id. In this case, the policy concern regarding duplicative claims could have been avoided; had the Commissioner issued a Letter 3657C to Ms. Vera (like the one issued to Ms. Barnes and as the IRM instructs), we would not be faced with such a situation. But the letter the Commissioner issued in this case is a second final determination as to 2013, which the IRM acknowledges grants the requesting spouse the right to petition this Court. See IRM pt. 25.15.17.7.

In the whistleblower context, we have held that successive letters that purport to be a final determination can confer on the recipient successive opportunities to file a petition. In Comparini v. Commissioner, 143 T.C. at 275, the Comparinis filed a series of whistleblower claims under section 7623. The Commissioner issued letters stating that their claims had been considered, but their information did not result in collected proceeds. Id. at 275-276. The letters concluded, therefore, that the Comparinis were not entitled to an award. Id. at 276.

In response to those denials, the Comparinis submitted additional supporting information. Id. After receiving the additional information, the Commissioner sent another letter, stating that he had considered the additional information but the determination remained the same and the claim would be closed. Id. We held that the second letter constituted another determination from which the Comparinis could file a petition. Id. at 282. We reasoned that if we held otherwise, "the Commissioner could largely frustrate judicial review by issuing ambiguous denials that did not seem to be, but were, determinations." Id.

In his motion to dismiss, the Commissioner characterizes the inclusion of 2013 in his determination as an error. Error or not, the Commissioner's notice is unambiguous in its denial as to both 2010 and 2013. Although the header of the letter refers only to 2010, the body refers to both years. The description for denial of relief as to 2013 relates solely to the merits of relief. Nowhere in the letter does the Commissioner describe a rejection on the basis of an improper second request. Simply put, nothing in the Commissioner's letter conflicts with the notion that this is a denial on the merits as to both 2010 and 2013. This leaves the Commissioner to argue that the determination was issued in error.

But if we again look to our whistleblower caselaw, we have previously held that we have jurisdiction to review determinations issued in error. In Ringo v.

Commissioner, 143 T.C. 297, 298-299 (2014), the Commissioner sent two letters to Mr. Ringo. The first letter stated that he was ineligible for a whistleblower award. Id. at 298. Mr. Ringo timely petitioned this Court for review. Id. After the petition had been filed, the Commissioner sent a second letter stating that the prior letter had been sent in error and informing Mr. Ringo that his claim was still under consideration. Id. at 298-299. We concluded that, despite the Commissioner's subsequent retraction letter, the initial letter was a determination that vested us with jurisdiction. Id. at 300.

Our deficiency caselaw is no different. In Hannan v. Commissioner, 52 T.C. 787 (1969), the Commissioner issued a notice of deficiency that he later argued was erroneous. He argued that he had "made a mistake" and that the notice of deficiency "should not have been issued." Id. at 791 n.8. "But an assertion by * * * [the Commissioner] that he has erroneously determined a deficiency cannot deprive this Court of jurisdiction." Id. We noted that it is the notice that controls, writing that "it is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." Id. at 791.

Similarly, we have held in collection cases that a timely petition from an erroneously issued notice of determination vests us with jurisdiction. In Kim v.

Commissioner, T.C. Memo. 2005-96, 89 T.C.M. (CCH) 1123 (2005), the Commissioner erroneously issued a notice of determination following an equivalent hearing. We explained that "regardless of whether Appeals should have issued a decision letter, a notice containing the determination of Appeals was issued, and it is this determination that triggers our jurisdiction." Id. at 1126; see also Shirley v. Commissioner, T.C. Memo. 2014-10, at *13-*14 ("Even though petitioner was not entitled to a second CDP hearing for * * * [certain] years, we have jurisdiction to determine whether the Appeals officer abused his discretion for those years.").

A common principle underlies these cases. When evaluating whether a notice serves as the predicate for our jurisdiction, we generally do not look beyond the face of the notice unless its text is ambiguous or inconsistent. See, e.g., Dees v. Commissioner, 148 T.C. 1, 4 (2017) ("[A]n objective review is used to establish prima facie validity of a notice of deficiency."); Lunsford v. Commissioner, 117 T.C. 159, 164 (2001) ("Our jurisdiction under section 6330(d)(1)(A) is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition."); cf. Wilson v. Commissioner, 131 T.C. 47 (2008) (looking beyond an ambiguous notice and determining we lacked jurisdiction). The notice issued to Ms. Vera was an

unambiguous final determination denying relief as to both 2010 and 2013, and a timely petition vests us with jurisdiction over both years.

## Conclusion

Our caselaw has been consistent: When the Commissioner issues a notice, we determine the validity and scope of that notice from its face. The March 14, 2019, letter the Commissioner issued to Ms. Vera is a final determination on the merits as to both 2010 and 2013. Because Ms. Vera filed a timely petition challenging the Commissioner's determination as to both 2010 and 2013, we have jurisdiction over both years.

An appropriate order will be issued.