WILLIAM PRENTICE COOPER, III, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 24178–09W, 24179–09W.          Filed July 8, 2010.

P filed two claims for a whistleblower award with R under
sec. 7623(b)(4), I.R.C. R sent a letter to P denying the claims
because an award determination could not be made under sec.
7623(b), I.R.C. P subsequently filed petitions in this Court
seeking review of R's denial of the whistleblower claims. R
filed motions to dismiss these cases for lack of jurisdiction on
the ground that no determination notice under sec. 7623(b),
I.R.C., was sent to P, to which P objected that the letter R
sent was a valid determination notice. *Held*: R's letter was a
determination conferring jurisdiction on this Court. We shall
therefore deny R's motions to dismiss for lack of jurisdiction.

*Joseph G. Giannola* and *Robert J. Mauceri*, for petitioner.
*Holly H. Styles* and *Alex Shlivko*, for respondent.

70

OPINION

KROUPA, *Judge*: These cases are before the Court on respondent's motions to dismiss for lack of jurisdiction. We decide for the first time whether a letter sent by respondent to petitioner denying petitioner's whistleblower claims constitutes a "determination" within the meaning of section 7623(b)(4)[1] that would confer on us jurisdiction to review denial of the claims. We find that the letter was a determination and that we therefore have jurisdiction.

*Background*

The following information is stated for purposes of resolving the pending motions. At the time of filing the petitions, petitioner resided in Nashville, Tennessee.

Petitioner, an attorney, submitted two Forms 211, Application for Award for Original Information, to the Internal Revenue Service (IRS) in 2008 concerning alleged violations of the Code. He alleged in the two claims that certain parties had failed to pay millions of dollars in estate and generation-skipping transfer tax.

Petitioner alleged in one claim that a trust having over $102 million in assets was improperly omitted from the gross estate of Dorothy Dillon Eweson (Ms. Eweson), resulting in a possible $75 million underpayment in Federal estate tax. He learned of the alleged omission by representing the widow of Ms. Eweson's grandson, who is also the guardian of a purported beneficiary of the trust. He also verified the information by examining the public records and the records of his client.

Petitioner alleged in the other claim that Ms. Eweson impermissibly modified two trusts as part of a scheme to avoid the generation-skipping transfer tax. The trusts at issue had a combined value of over $200 million at the time of Ms. Eweson's death in 2005. Petitioner learned of the alleged violation through his representation of the widow of Ms. Eweson's grandson. He also verified the information by examining the public records and the records of his client. Petitioner submitted additional information to support the allegation several months after filing the claim. He provided

---

[1] All section and Code references are to the Internal Revenue Code unless otherwise indicated.

newly discovered filings from a New York Surrogate's Court proceeding in which a corporate trustee challenged the trust modifications as designed primarily to evade taxation. Petitioner also provided a legal memorandum and draft legal documents from Ms. Eweson's attorneys that indicated the trusts were modified as part of a scheme to avoid the generation-skipping transfer tax.

Respondent's Whistleblower Office (Whistleblower Office) notified petitioner that it had received the whistleblower claims. The Office explained that petitioner's information would be used to determine whether to further investigate the alleged violations. The Whistleblower Office also told petitioner that he would be informed at the conclusion of the review and investigation whether petitioner's information met the criteria for paying an award.

The Whistleblower Office did not contact petitioner again until nine months later when the Office sent him a letter denying the claims (the letter). The letter stated that respondent had considered petitioner's whistleblower claims. It explained that "an award determination * * * [could not] be made under section 7623(b)"[2] because petitioner "did not identify * * * federal tax issue[s] upon which the IRS will take action." The letter further explained that an award was not warranted for either claim because petitioner's information did not "result in the detection of the underpayment of taxes."

Petitioner filed two separate petitions in this Court in response to respondent's denial of the whistleblower claims. Respondent filed motions to dismiss for lack of jurisdiction in both proceedings on the ground that no determination notice had been issued to petitioner. Petitioner objected to the motions that the letter constituted a determination conferring jurisdiction on this Court under section 7623(b)(4) to review respondent's denial of the whistleblower claims.

### *Discussion*

We decide for the first time whether respondent's letter denying petitioner's whistleblower claims constitutes a "determination" that gives this Court jurisdiction under section 7623(b)(4). We begin with the Tax Court's jurisdiction.

---

[2] The full text of sec. 7623(b) is set forth in the appendix.

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–1181 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The Tax Court is without authority to enlarge upon that statutory grant. See *Phillips Petroleum Co. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction. *Hambrick v. Commissioner*, 118 T.C. 348 (2002); *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984). We turn now to an overview of our jurisdiction regarding whistleblower claims.

I. *Overview of the Whistleblower Award Program*

The Secretary has long had the discretion to pay awards to persons providing information that aids in (1) detecting underpayments of tax and (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws. Sec. 7623(a). The discretionary whistleblower awards have been arbitrary and inconsistent, however, because of a lack of standardized procedures and limited managerial oversight. See Treasury Inspector General for Tax Administration Rept. 2006–30–092, The Informants' Rewards Program Needs More Centralized Management Oversight (June 2006). It took an average of 7½ years for a discretionary award to be paid and an average of 6½ months for a claim to be rejected. *Id.* at 8–9. Moreover, most rejected claims did not provide the rationale for the reviewer's decision because of concerns about disclosing confidential return information to the whistleblower. *Id.* at 7.

Congress enacted legislation in 2006 to address perceived problems with the discretionary award regime (the 2006 legislation). Tax Relief and Health Care Act of 2006 (TRHCA), Pub. L. 109–432, div. A, sec. 406, 120 Stat. 2958 (effective Dec. 20, 2006). The 2006 legislation amended section 7623 to require the Secretary to pay nondiscretionary whistleblower awards and to provide this Court with jurisdiction to review such awards. A whistleblower is now entitled to a minimum nondiscretionary award of 15 percent of the collected proceeds if the Commissioner proceeds with administrative or judicial action using information provided in a whistleblower

claim.[3] Sec. 7623(b)(1). The whistleblower has 30 days from the issuance of a non-discretionary award determination to file a petition in this Court. Sec. 7623(b)(4).

The 2006 legislation also directed the Secretary to issue guidance for the operation of a Whistleblower Office administered by the IRS.[4] TRHCA sec. 406(b)(1), 120 Stat. 2959. The Whistleblower Office is responsible for reviewing submitted whistleblower claims or assigning them to the appropriate IRS office for review. *Id.* sec. 406(b)(1)(B), 120 Stat. 2960. The Office is authorized to seek additional assistance from the whistleblower if necessary. *Id.* sec. 406(b)(1)(C), (2).

The Commissioner issued guidance to taxpayers on filing nondiscretionary whistleblower award claims in early 2008. See Notice 2008–4, 2008–1 C.B. 253. Whistleblowers must fully complete and submit a Form 211. *Id.* sec. 3.02, 2008–1 C.B. at 254. The Whistleblower Office will acknowledge receipt of the claim in writing. *Id.* sec. 3.05, 2008–1 C.B. at 255. The Whistleblower Office will send correspondence to the whistleblower once a final determination regarding the claim has been made. *Id.* sec. 3.11, 2008–1 C.B. at 256. Final Whistleblower Office determinations regarding awards may be appealed to this Court. *Id.* Awards will not be paid, however, until there is a final determination of the tax liability and the amounts owed are collected. *Id.* sec. 3.08, 2008–1 C.B. at 255.

The Commissioner also issued procedural guidance on how whistleblower claims will be processed. See Internal Revenue Manual (IRM) pt. 25.2.2 (Dec. 30, 2008).[5] In general, whistleblower claims will be denied where the information provided does not (a) identify a Federal tax issue upon which the IRS will act; (b) result in the detection of an underpayment of taxes; or (c) result in the collection of proceeds. See *id.* pt. 25.2.2.12(2). The whistleblower will be notified by

---

[3] The award is reduced in certain circumstances. For example, the award is reduced where the whistleblower planned or initiated the actions that led to the underpayment of tax. Sec. 7623(b)(2) and (3). Furthermore, an award is available only if the taxpayer had gross income exceeding $200,000 for any year at issue and if the amount in dispute (including tax, penalties, additions to tax and additional amounts) exceeds $2 million. Sec. 7623(b)(5), 120 Stat. 2960.

[4] The 2006 legislation also requires the Secretary to provide an annual report to Congress on whistleblower claims filed and awards issued under sec. 7623. Tax Relief and Health Care Act of 2006, Pub. L. 109–432, div. A, sec. 406(c), 120 Stat. 2960.

[5] IRM pt. 25.2.2 was updated on June 18, 2010, to provide additional guidance for evaluating a whistleblower claim.

the Whistleblower Office once an award decision has been made. See *id.* pt. 25.2.2.5(13).

II. *Analysis*

We must now decide whether respondent's letter constituted a determination under section 7623(b)(4). Respondent argues that there was no award determination because petitioner's information was not used to detect underpayments of tax or to collect proceeds. Respondent argues that there can be a determination for jurisdictional purposes only if the Whistleblower Office undertakes an administrative or judicial action and thereafter "determines" to make an award. Respondent incorrectly interprets section 7623(b)(4). The statute expressly permits an individual to seek judicial review in this Court of the amount or denial of an award determination. See Staff of Joint Comm. on Taxation, Technical Explanation of H.R. 6408, The "Tax Relief and Health Care Act of 2006", at 89 (J. Comm. Print 2006) ("The provision permits an individual to appeal the amount or a denial of an award determination to the United States Tax Court * * * within 30 days of such determination."). Accordingly, we find that our jurisdiction is not limited to the amount of an award determination but includes any determination to deny an award.

Respondent further contends that the letter was not a determination because it was not labeled a determination. We find the labeling not dispositive. We have held that the name or label of a document does not control whether the document constitutes a determination. See *Wilson v. Commissioner*, 131 T.C. 47 (2008). Moreover, we have held in other contexts that our jurisdiction is established when the Commissioner issues a written notice that embodies a determination. *Craig v. Commissioner*, 119 T.C. 252 (2002) (a form decision letter issued after an "equivalent hearing" constituted a "determination" conferring jurisdiction under section 6330(d)(1)); *Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001) (a written notice to proceed with the collection action constitutes a determination); *Offiler v. Commissioner*, 114 T.C. 492, 498 (2000) (a determination notice is the jurisdictional equivalent of a deficiency notice pursuant to section 6212).

Respondent's letter was issued in accordance with the award determination procedures. These procedures were established in the IRM and Notice 2008–4. Respondent issued the letter to petitioner after receiving and reviewing the whistleblower claims. Respondent issued the letter to petitioner after several months of investigating whether to pursue the claims. The letter states respondent's final conclusion that petitioner is not entitled to an award and provides an explanation for this conclusion. Moreover, respondent's reasons for denying the claim are taken verbatim from the IRM list of possible reasons for denying claims. See IRM pt. 25.2.2.12(2). There is no dispute that the letter put Mr. Cooper on sufficient notice to file a petition with this Court as he did so timely. Respondent's letter is therefore a determination because it constitutes a final administrative decision regarding petitioner's whistleblower claims in accordance with the established procedures. Accordingly, we find that we have jurisdiction to review the denial of the claims.

For the foregoing reasons, we shall deny respondent's motions to dismiss.

*Appropriate orders will be issued*.

———————————

APPENDIX

Section 7623(b) provides as follows:

SEC. 7623(b). AWARDS TO WHISTLEBLOWERS.—

(1) IN GENERAL.—If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the collected proceeds * * * resulting from the action * * * or from any settlement in response to such action. The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.

(2) AWARD IN CASE OF LESS SUBSTANTIAL CONTRIBUTION.—

(A) IN GENERAL.—In the event the action described in paragraph (1) is one which the Whistleblower Office determines to be based principally on disclosures of specific allegations (other than information provided by the individual described in paragraph (1)) resulting from a judicial or administrative hearing, from a governmental report, hearing, audit, or investigation, or from the news media, the Whistle-

blower Office may award such sums as it considers appropriate, but in no case more than 10 percent of the collected proceeds (including penalties, interest, additions to tax, and additional amounts) resulting from the action (including any related actions) or from any settlement in response to such action, taking into account the significance of the individual's information and the role of such individual and any legal representative of such individual in contributing to such action.

(B) NONAPPLICATION OF PARAGRAPH WHERE INDIVIDUAL IS ORIGINAL SOURCE OF INFORMATION.—Subparagraph (A) shall not apply if the information resulting in the initiation of the action described in paragraph (1) was originally provided by the individual described in paragraph (1).

(3) REDUCTION IN OR DENIAL OF AWARD.—If the Whistleblower Office determines that the claim for an award under paragraph (1) or (2) is brought by an individual who planned and initiated the actions that led to the underpayment of tax or actions described in subsection (a)(2), then the Whistleblower Office may appropriately reduce such award. If such individual is convicted of criminal conduct arising from the role described in the preceding sentence, the Whistleblower Office shall deny any award.

(4) APPEAL OF AWARD DETERMINATION.—Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

(5) APPLICATION OF THIS SUBSECTION.—This subsection shall apply with respect to any action—

(A) against any taxpayer, but in the case of any individual, only if such individual's gross income exceeds $200,000 for any taxable year subject to such action, and

(B) if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000.

(6) ADDITIONAL RULES.—

(A) NO CONTRACT NECESSARY.—No contract with the Internal Revenue Service is necessary for any individual to receive an award under this subsection.

(B) REPRESENTATION.—Any individual described in paragraph (1) or (2) may be represented by counsel.

(C) SUBMISSION OF INFORMATION.—No award may be made under this subsection based on information submitted to the Secretary unless such information is submitted under penalty of perjury.