T.C. Memo. 2011-254

UNITED STATES TAX COURT

GERALD J. AND MONICA S. WARE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10942-10.              Filed October 31, 2011.

Gerald J. and Monica S. Ware, pro sese.

Marshall R. Jones, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  This matter is before the Court on petitioners' motion to restrain assessment or collection and respondent's motion to dismiss for lack of jurisdiction.

At the time they filed the petition, petitioners resided in Alabama.

FINDINGS OF FACT

In 2005 petitioners won $993,728[1] playing a slot machine at the Imperial Palace Casino in Biloxi, Mississippi, but they received only $604,093. Petitioners believed they received $389,635 less than they won because of Federal and State income tax withholding. According to respondent, the difference resulted from petitioners' decision to receive a lump-sum payment, which was paid out at a discount.

International Game Technology (IGT), the company responsible for paying the slot machine winnings, issued petitioners a Form W-2G, Certain Gambling Winnings, for 2005 that reported $604,093 of gross winnings and zero Federal income tax withheld. Petitioners, believing that IGT had withheld Federal and State taxes, changed the Form W-2G that they attached to their Form 1040, U.S. Individual Income Tax Return, for 2005 by writing in $993,728 for gross winnings and $370,022[2] for Federal income tax withheld.[3]

---

[1] All amounts are rounded to the nearest dollar.

[2] Petitioners appear to have determined Federal income tax withheld as follows: $993,728 (gross winnings) - $604,093 (amount petitioners received) - $19,613 (State income tax withholding according to petitioners) = $370,022.

[3] Petitioners also changed State income tax withheld from $18,123 to $19,613. It is unclear on what basis petitioners made this change. Petitioners also changed the date of the winnings from July 11, 2005, to June 19, 2005.

On their Form 1040 petitioners reported $993,728 of gambling winnings as other income and Federal income tax withheld of $370,022. Petitioners reported a total tax liability of $239,896 and an overpayment of $130,126, the excess of the amount that IGT purportedly withheld. The Internal Revenue Service (IRS) issued petitioners a refund of $130,126 on April 10, 2006. The IRS did not receive any of the $370,022 petitioners claimed IGT withheld.

On March 22, 2010, respondent issued a notice to petitioners informing them that the IRS had assessed $370,022 to correct their overstatement of income tax withholding (March 22 notice).[4] The notice also informed them that respondent had determined that they were liable for penalties for not prepaying tax and for late payment of tax and interest for late payment.

On May 12, 2010, petitioners filed a petition with the Court. Although petitioners admit they never received a notice of deficiency, in their petition they state that they were disputing a notice of deficiency purportedly issued on March 22, 2010. The petition also states that respondent has ignored petitioners' whistleblower claim that alleges that IGT failed to remit the withheld Federal income tax. On July 19, 2010, respondent issued to each petitioner Notice CP 504, "URGENT!! We intend to levy on certain assets. Please respond NOW." In response petitioners filed a motion to restrain collection and

_____

[4] The March 22 notice was not introduced into evidence.

assessment.  Respondent subsequently filed a motion to dismiss for lack of jurisdiction.  At the time of the hearing on the these motions petitioners had requested a collection due process or equivalent hearing (CDP hearing), and one subsequently was held, but no notice of determination regarding the CDP hearing has been issued.

OPINION

I.  Motion To Dismiss

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c);[5] Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) authorizes the issuance of a notice of deficiency.  No particular form is required.  Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), revg. on other grounds 81 T.C. 855 (1983); Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982).  However, the notice must fulfill the purpose of providing formal notification that a deficiency in tax has been determined.  Foster v. Commissioner, 80 T.C. 34, 229-230 (1983),

_____

[5]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985). The notice is "only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). The notice must (1) advise the taxpayer that the Commissioner has, in fact, determined a deficiency and (2) specify the year and the amount of the deficiency. Foster v. Commissioner, supra at 229-230.

Petitioners argue that the March 22 notice satisfies the requirements to be a notice of deficiency. However, petitioners have not established that the March 22 notice (1) advised petitioners that respondent determined a deficiency and (2) specified the year and the amount of the deficiency. Accordingly, petitioners have failed to show that the March 22 notice operates as a notice of deficiency for purposes of conferring jurisdiction on this Court.

Moreover, respondent was not required to issue a notice of deficiency. An assessment to correct an overstatement of Federal income tax withholding is made in the same manner as an assessment for a mathematical or clerical error appearing on the return. Sec. 6201(a)(3). A notice of assessment arising out of a mathematical or clerical error is not a notice of deficiency, and taxpayers cannot file a petition with this Court based on that assessment. Sec. 6213(b)(1). In addition, respondent is

not required to issue a notice of deficiency for the penalties and interest arising from petitioners' underpayment of tax. See secs. 6665(a), 6601(e)(1).

Because respondent did not, and was not required to, issue a notice of deficiency, we lack jurisdiction. Accordingly, we shall grant respondent's motion to dismiss.[6]

## II. Motion To Restrain

In the absence of jurisdiction under section 6213, it follows that the Court has no authority to act on petitioners' motion to restrain assessment or collection. See sec. 6213(a). Accordingly, petitioners' motion to restrain assessment or collection will be denied.

## III. Whistleblower Claim

Petitioners also contend that they filed a Form 211, Application for Award for Original Information, which respondent ignored.[7] In order to apply for a whistleblower award, an informant must file a formal claim on Form 211. Sec. 301.7623-1(f), Proced. & Admin. Regs. A determination by the Commissioner regarding a whistleblower claim can be appealed to the Tax Court

---

[6] The Court reminds petitioners that once they receive a notice of determination following their CDP hearing, they can petition this Court pursuant to sec. 6330(d)(1) for judicial review of the determination.

[7] Petitioners allege that IGT committed fraud by withholding Federal income tax from their winnings and not remitting it to respondent.

within 30 days.  Sec. 7623(b)(4); see <u>Cooper v. Commissioner</u>, 135 T.C. 70 (2010).

Respondent has not issued a determination regarding petitioners' whistleblower claim, and there is no evidence that they filed a Form 211.  Without a determination regarding petitioners' whistleblower claim, or even evidence that they actually filed such a claim, this Court lacks jurisdiction with respect to the whistleblower claim under section 7623(b).

To reflect the foregoing,

<u>An appropriate order and order of dismissal will be entered</u>.