T.C. Memo. 2019-141

UNITED STATES TAX COURT

VINCENT J. APRUZZESE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12151-17W.                     Filed October 21, 2019.

Vincent J. Apruzzese, pro se.

<u>Gregory H. Becker</u>, <u>Bartholomew Cirenza</u>, <u>Kimberly A. Daigle</u>, <u>Patricia P. Davis</u>, and <u>Kevin G. Gillin</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent).  For the below reasons we will grant respondent's motion.

**[\*2]**                                              Background

The following facts are based on the parties' pleadings and motion papers, including the declarations and exhibits attached thereto.  See Rule 121(b).[1]  Petitioner resided in Florida when he filed his petition.

On September 16, 2011, petitioner and a coclaimant[2] submitted Form 211, Application for Award for Original Information, to the IRS Whistleblower Office (WO).  On the Form 211 petitioner stated that he and his coclaimant were involved in a lawsuit against an estate (target).  Petitioner alleged that the target had understated its Federal estate tax by several million dollars by failing to include several assets on its estate tax return.[3]  Petitioner also alleged that the target had undervalued other assets on the estate tax return.

After receiving petitioner's Form 211 the WO assigned petitioner a claim number and acknowledged receipt of the claim by letter dated September 27, 2011.

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[2]  The coclaimant is not a party to this case.

[3]  Petitioner premised part of this allegation on the belief that the decedent of the target had sold assets in exchange for invalid installment notes.

[*3] The WO sent petitioner's Form 211 information to the Estate & Gift Unit (E&G) of the IRS Small Business/Self-Employed Division.

The target's estate tax return was already under examination when petitioner submitted his information to the WO. Before receiving petitioner's information, E&G Attorney Bryan Babcock was preparing to issue the target a "No Change" letter. However, upon reviewing petitioner's information, Mr. Babcock changed course and pursued information pertaining to the lawsuit referenced in petitioner's Form 211. Subsequently, Mr. Babcock's discovery that the target had used "tax affecting" business valuations prompted him to select four of the decedent's gift tax returns for examination.

At the conclusion of the expanded examination, the IRS and the target agreed to adjustments to the estate tax return and gift tax returns. The IRS assessed tax and interest of $424,019, which the target promptly paid. Mr. Babcock submitted Form 11369, Confidential Evaluation Report on Claim for Award, to the WO. Therein Mr. Babcock stated that petitioner had "substantially contributed to the examination of the estate tax return."

Thereafter the WO assigned petitioner's claim to Senior Tax Analyst Elizabeth Borenstein. After reviewing petitioner's case file, including Mr. Babcock's Form 11369, Ms. Borenstein issued petitioner a Preliminary Award

**[*4]** Recommendation Under Section 7623(a) (preliminary award recommendation) recommending a preliminary award of $43,424 (22% of one-half[4] of the collected proceeds less a 6.9% sequestration reduction).

In a letter to Ms. Borenstein dated March 22, 2017, petitioner expressed disagreement with the preliminary award recommendation. Petitioner did not dispute the proposed award percentage or the amount of the collected proceeds. Instead he objected to respondent's adjustments to the target's returns, writing:

> With all due respect, I believe that the IRS has failed to fully comprehend the scope of the failure of the representatives of * * * [the target] to accurately reflect the assets and liabilities of * * * [the target] to the IRS, and accordingly has failed to properly determine the amount of additional taxes owed by * * * [the target].

On May 2, 2017, the WO issued petitioner a Final Decision Under Section 7623(a) (final decision). Therein respondent advised petitioner that, after consideration of his comments, the whistleblower award would remain $43,424.

On May 30, 2017, petitioner filed the petition to commence this case, in which he alleged that respondent's adjustments to the target's returns were inadequate. An amendment to the petition followed on July 26, 2017, in which petitioner urged the Court to reverse the final decision and order the IRS to re-

---

[4] The WO divided the collected proceeds by one-half because petitioner submitted the Form 211 with a coclaimant. As stated supra note 2, the coclaimant is not a party to this case.

**[\*5]** examine the target. Respondent subsequently filed a motion for summary judgment and amendment to motion for summary judgment, to which petitioner objected. The Court heard oral argument on the motion in Tampa, Florida.

## Discussion

I.    <u>Summary Judgment</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.

**[\*6]**  Finding no material facts to be in genuine dispute, we conclude that this case may be adjudicated summarily.

II.     Jurisdiction

Section 7623(b) provides for nondiscretionary (i.e., mandatory) whistleblower awards if certain requirements are met.  Section 7623(b)(4) provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."  This statute is unusual as a jurisdiction-conferring provision because it does not prescribe any particular form of notice to the would-be petitioner.  Whistleblower 4496-15W v. Commissioner, 148 T.C. 425, 431 (2017); Whistleblower 23711-15W v. Commissioner, T.C. Memo. 2018-34, at \*8.

In prior cases "[w]e have held that the name or label of a document does not control whether the document constitutes a determination" and that "our jurisdiction is established when the Commissioner issues a written notice that embodies a determination."  Cooper v. Commissioner, 135 T.C. 70, 75 (2010).  A written notice informing a claimant that the IRS has considered information that he submitted and has decided whether the information qualifies the claimant for an award generally will be sufficient.  See Comparini v. Commissioner, 143 T.C. 274,

**[\*7]** 278-279 (2014); <u>see also</u> <u>Myers v. Commissioner</u>, 928 F.3d 1025, 1032 (D.C. Cir. 2019), <u>rev'g and remanding on other grounds</u> 148 T.C. 438 (2017). In a whistleblower action, we have jurisdiction only with respect to the Commissioner's award determination or denial thereof. <u>Smith v. Commissioner</u>, 148 T.C. 449, 454 (2017).

The final decision in this case does not reference section 7623(b) but rather section 7623(a), which provides for discretionary awards. However, the final decision states that the WO considered petitioner's information and "made a final decision" to give petitioner an award of $43,424. Inherent in that decision is respondent's determination that petitioner is not entitled to a mandatory section 7623(b) award exceeding $43,424. In a petition filed within 30 days of the date of the final decision, petitioner challenged that determination. This matter is clearly within the scope of our jurisdiction authorized by Congress in section 7623(b)(4). <u>See</u> <u>Smith v. Commissioner</u>, 148 T.C. at 453-454 (reviewing challenge to a final decision).

**[\*8]** III.     <u>Analysis</u>

Section 7623(a) authorizes the Secretary[5] to pay awards for "detecting underpayments of tax" or "detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same".  Awards under section 7623(a) are discretionary.  However, Congress has provided for nondiscretionary awards to whistleblowers where the Secretary "proceeds with any administrative or judicial action described in subsection (a)" and specified additional requirements are met.  Sec. 7623(b)(1).

Section 7623(b)(1) provides that, "[i]f the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual," that individual will, subject to certain conditions, receive an award of 15% to 30% of the proceeds collected. The size of the award depends on the extent to which the whistleblower "substantially contributed to such action."  Sec. 7623(b)(1) (last sentence) and (2).

---

   [5] The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

[*9]   Under this statutory scheme a whistleblower cannot qualify for a nondiscretionary award unless two conditions are met.  First, the Secretary must "proceed[] with an[] administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention" by the whistleblower.  Sec. 7623(b)(1).  Second, the Secretary must derive proceeds from this action.  Id.; see Cohen v. Commissioner, 139 T.C. 299, 303 (2012) ("We can provide relief under section 7623(b) only after the Commissioner has initiated an administrative or judicial action and collected proceeds."), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Cooper v. Commissioner (Cooper II), 136 T.C. 597, 600 (2011) ("[A] whistleblower award is dependent upon both the initiation of an administrative or judicial action and collection of tax proceeds.").

While we have jurisdiction to review the Commissioner's award determination, we do not have authority to "review the Commissioner's determinations of the alleged tax liability to which the claim pertains."  Cohen v. Commissioner, 139 T.C. at 302.  Nor do we have authority "to direct the Secretary to proceed with an administrative or judicial action."  Cooper II, 136 T.C. at 600.

We review the Secretary's determination as to whether a whistleblower is entitled to an award by applying an abuse-of-discretion standard.  Kasper v. Commissioner, 150 T.C. 8, 22 (2018).  Abuse of discretion exists when a

**[\*10]** determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In ascertaining whether the Secretary abused his discretion, we generally confine our review to the administrative record. Kasper v. Commissioner, 150 T.C. at 20.

We conclude that the WO did not abuse its discretion in awarding petitioner no more than the amount stated in the final decision. The administrative record shows that the WO forwarded petitioner's information to E&G, which had already commenced an examination of the target. Mr. Babcock, the E&G attorney assigned to the examination, was preparing to issue the target a "No Change" letter but changed course when he received petitioner's information. Using petitioner's information, Mr. Babcock pursued new leads that ultimately led to the assessment of estate and gift tax and interest of $424,019. In a Form 11369 submitted to the WO, Mr. Babcock stated that petitioner "significantly contributed" to the examination of the target's estate tax return.

On the basis of Mr. Babcock's Form 11369 and other documents in the claim file, WO Senior Tax Analyst Borenstein recommended that petitioner be awarded $43,424 (22% of one-half of the collected proceeds less a 6.9% sequestration reduction). After considering petitioner's written response to the

**[*11]** preliminary award recommendation, the WO issued the final decision advising petitioner that the whistleblower award would remain $43,424.

Petitioner does not allege any material dispute as to these facts.  He does not, for example, dispute the amount of proceeds respondent collected from the target.  Nor does he contend that his contribution to the examination merited more than a 22% award.  See sec. 7623(b)(1) (authorizing nondiscretionary awards between 15% and 30% of collected proceeds depending on the extent to which whistleblower "substantially contributed").

Instead petitioner alleges that the amount respondent collected was "woefully inadequate" because the assets in the target's gross estate were purportedly more valuable than respondent determined.  Petitioner urges the Court to order respondent to re-examine the target's estate tax return for additional deficiencies and, if necessary, order respondent to proceed to trial against the target.

In Cooper II, 136 T.C. at 598, an attorney-whistleblower alleged that certain taxpayers had failed to pay millions of dollars in estate and generation-skipping transfer tax.  The whistlebower provided the IRS with information pertaining to the estate.  Id.  The WO forwarded the information to the appropriate IRS office, which decided not to pursue administrative or judicial action against the taxpayer.

**[*12]** Id. at 599. Because there was no administrative or judicial action that led to the collection of proceeds, the WO determined that the whistleblower was not entitled to an award. Id. Like petitioner in this case, the Cooper II whistleblower appealed the WO's determination and asked this Court to direct the Commissioner "to undertake a complete re-evaluation of the facts in this matter, begin an investigation, open a case file, and take whatever other steps are necessary to detect an underpayment of tax." See id. at 600. Granting the IRS' motion for summary judgment, the Court in Cooper II explained: "Our jurisdiction under section 7623(b) does not contemplate that we redetermine the tax liability of the taxpayer. * * * [A]lthough Congress authorized the Court to review the Secretary's award determination, Congress did not authorize the Court to direct the Secretary to proceed with an administrative or judicial action." Id.

The same principle applies to the case at bar. Although petitioner's information led to administrative action against the target and the collection of proceeds therefrom, petitioner and the Cooper II whistleblower share the same overarching grievance--that the IRS allowed the target to pay less in tax than it should have. Petitioner is asking the Court to redress this grievance by ordering respondent to re-examine the target. We do not have this authority. See Cohen v. Commissioner, 139 T.C. at 302; Cooper II, 136 T.C. at 600-601.

**[\*13]** Because petitioner has not shown that he was entitled to a larger award than respondent determined, the WO did not abuse its discretion in making its determination. We will therefore grant summary judgment for respondent.

We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.